O        JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6515 AHM (SSx) | Date | November 16, 2009 |
|---|---|---|---|
| Title | MARGARITA N. MEZA v. U.S. BANCORP et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sandy Eagle | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On August 5, 2009, Plaintiff Margarita N. Meza ("Plaintiff") filed a complaint in Los Angeles Superior Court against Defendants U.S. Bank National Association (erroneously sued as U.S. Bancorp), Chase Home Finance LLC, Mortgage Electronic Registration Systems, Inc., and NDEX West, LLC, alleging eighteen causes of action under state and federal law.  On September 8, 2009, Defendants removed this action to federal court alleging jurisdiction based on a federal question.  NOR, ¶¶ 4-5; 28 U.S.C. § 1441(b).  On November 12, 2009, Plaintiff filed an amended complaint that alleges only four causes of action under state law; there are no federal claims in the amended complaint.

A federal court must determine its own jurisdiction even if there is no objection to it.  *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996).   Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). A federal court  has jurisdiction over claims "arising under" federal law.  28 U.S.C. § 1331.  The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction.  *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 704.5 (The Rutter Group 2004).  A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear.  *Cooper v. Washington Mut. Bank*, 2003 WL 1563999 (N.D. Cal. 2003); 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 1092 (The Rutter Group 2004).

O      JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6515 AHM (SSx) | Date | November 16, 2009 |
|---|---|---|---|
| Title | MARGARITA N. MEZA v. U.S. BANCORP et al. | | |

    In this case, Plaintiff's amended complaint does not present a federal question.[1] The original basis for subject matter jurisdiction has been destroyed. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the state law claims alleged in the First Amended Complaint and *sua sponte* dismisses them. The case is hereby REMANDED Los Angeles County Superior Court.

    This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

                                                                  :
Initials of Preparer     se

---

[1] To the extent that Plaintiff's third claim under Cal. Bus. & Prof. Code § 17200 *et seq.* is predicated on a violation of the National Housing Act ("NHA"), 12 U.S.C. § 1701x(c)(2), the Court notes that there is no private right of action under the NHA. *See, e.g.*, *Maguca v. Aurora Loan Services*, No. SACV 09-1086 JVS, 2009 WL 3467750 (C.D. Cal. Oct. 28, 2009); *Mertan v. Am. Home Mortgage Serv., Inc.*, No. SACV 09-723-DOC, 2009 WL 3296698 (C.D. Cal. Oct. 13, 2009); *Wells Fargo Home Mortgage, Inc. v. Neal*, 922 A.2d 538, 543-44 (Md. 2007) (collecting cases that have found no private right of action under the NHA). Thus, a federal claim to that effect would have to be dismissed.